# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

CHARLES KELLY,

    Petitioner,                                       Case No. 07-CV-11599

v.

LINDA METRISH,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE
## PETITION FOR WRIT OF HABEAS CORPUS AND
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Charles Kelly ("Petitioner"), presently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b. Respondent Linda Metrish has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a response to the motion for summary judgment, as well as a motion for sanctions. For the reasons stated below, the court will summarily dismiss the petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2244(d)(1).

## I. BACKGROUND

Petitioner pleaded guilty to the above offense in the Macomb County Circuit Court and was sentenced to life imprisonment on June 30, 1982. Petitioner's direct

1

appeals with the Michigan courts ended on August 4, 1987, when the Michigan Supreme Court denied Petitioner leave to appeal after the Michigan Court of Appeals affirmed his conviction. *People v. Kelly,* 409 N.W.2d 486 (Mich. 1987). [1]

Petitioner claims that he filed a motion for resentencing with the trial court on March 2, 1994, which was denied on March 3, 1994. Petitioner filed a second motion for resentencing with the trial court on March 15, 1994, which was denied on April 5, 1994. There is no indication that Petitioner appealed the denial of either motion to the Michigan appellate courts.

On March 31, 2005, Petitioner filed a motion for a new trial with the Macomb County Circuit Court pursuant to Mich. Comp. Laws §§ 769.26, 770.1 and 770.2(4). The motion was denied on July 5, 2005. *People v. Kelly,* No. 1982-0096-FY (Macomb County Circuit Court, July 5, 2005). The Michigan Court of Appeals denied Petitioner leave to appeal pursuant to Michigan's post-conviction statute, M.C.R. 6.508(D). *People v. Kelly,* No. 264488 (Mich. Ct. App. February 3, 2006). Post-conviction review ended on December 28, 2006, when the Michigan Supreme Court likewise denied leave

---

[1] Respondent has attached an affidavit from Corbin R. Davis, the Clerk of the Michigan Supreme Court, in which he indicates that Petitioner never filed an application for leave to appeal with the Michigan Supreme Court following the affirmance of his conviction on his appeal of right by the Michigan Court of Appeals. Petitioner claims that he did file an application for leave to appeal with the Michigan Supreme Court. This court has confirmed, through Westlaw, that Petitioner, did, in fact, seek leave to appeal with the Michigan Supreme Court. As discussed below, however, this does not alter the fact that the instant petition is untimely.

to appeal pursuant to M.C.R. 6.508(D). *People v. Kelly,* 725 N.W. 2d 32 (Mich. 2006).

The instant petition was signed and dated March 31, 2007. [2]

## II. DISCUSSION

### A. The Habeas Petition

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000) (quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

---

[2] Under the prison mailbox rule, the court will assume that Petitioner actually filed his habeas petition on March 31, 2007, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n.1 (E.D. Mich. 2001).

4

> removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one-year statute of limitations. *See Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

In the present case, the direct appeal of Petitioner's conviction ended when the Michigan Supreme Court denied Petitioner's application for leave to appeal on August 4, 1987. Petitioner's conviction would become final, for the purposes of commencing the AEDPA's one-year limitations period, on the date that the 90-day time period for seeking certiorari with the U.S. Supreme Court expired. *Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on November 3, 1987, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). However, because Petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, Petitioner had one-year from this date to timely file a petition for habeas relief with the federal court. *Porter v. Smith*, 126 F. Supp. 2d 1073, 1074-75 (E.D. Mich. 2001). Absent state collateral review, Petitioner would have been required to file his petition for writ of habeas corpus with the federal court no later than April 24, 1997, in order for the petition to be timely filed. *Id.* at 1075.

As an initial matter, the court must resolve whether Petitioner's motions for resentencing would be considered part of the direct review process or the collateral review process for determining when the one-year statute of limitations commenced pursuant to 28 U.S.C. § 2244(d)(1)(A). In 1994, Petitioner filed two motions for resentencing with the Macomb County Circuit Court, with the last one being denied on April 5, 1994. By the time that Petitioner filed either of these motions, the Michigan Court of Appeals had already affirmed his appeal on direct review and the Michigan Supreme Court had denied Petitioner's application for leave to appeal from that decision. Under M.C.R. 7.205(F)(2), a criminal defendant in Michigan is limited to a single appeal by right or leave from a conviction. *See People v. Jackson,* 633 N.W. 2d 825, 829 (Mich. 2001). In addition, the Sixth Circuit, in the context of determining the applicability of the U.S. Supreme Court's holding in *Sandstrom v. Montana,*[3] has noted that "[t]he Michigan courts have generally adopted the view that long-delayed appeals are not regarded as part of a defendant's direct appeal." *Wheeler v. Jones,* 226 F.3d 656, 659 (6th Cir. 2000) (*citing People v. Ward,* 594 N.W. 2d 47, 52 (Mich. 1999)). Moreover, regardless of its characterization, a postappeal motion brought by a criminal defendant in Michigan is reviewable only as a motion for relief from judgment brought pursuant to M.C.R. 6.500, *et. seq. See People v. Kincade,* 522 N.W. 2d 880, 882 (Mich. Ct. App. 1994); *Hudson v. Martin,* 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Finally, Petitioner's two motions for resentencing should be considered a collateral attack on his

---

[3] 442 U.S. 510 (1979).

conviction, because they were filed almost twelve years after his sentencing. *Ward,* 594 N.W. 2d at 51-52.

Because Petitioner could no longer appeal his conviction by right or by leave, it appears that the Michigan courts could have construed these motions for resentencing as motions for relief from judgment pursuant to M.C.R. 6.500, *et. seq.* At the time that Petitioner filed these motions, Petitioner could have filed an application for leave to appeal with the Michigan Court of Appeals within eighteen months of the trial court's denial of the motion. M.C.R. 6.509; M.C.R. 7.205(F). Petitioner's last motion for resentencing was denied by the trial court on April 5, 1994. Because Petitioner did not appeal the denial of either motion to the Michigan Court of Appeals, the motions ceased to be pending, for purposes of § 2244(d)(2), on October 5, 1995, when the eighteen-month period for filing an application for leave to appeal with the Michigan Court of Appeals expired. *See Palmer v. Lavigne,* 43 F. App'x 827-28, n.1 (6th Cir. 2002).

However, because these motions for state post-conviction relief were denied prior to the AEDPA's enactment date of April 24, 1996, Petitioner was still given one year from that date, that is, no later than April 24, 1997, to file his habeas petition, unless the statute of limitations was otherwise tolled. *Miller v. Marr*, 141 F. 3d 976, 977 (10th Cir. 1998); *Davis v. Stegall,* No. 02-73093, 2003 WL 1867920, at * 2 (E.D. Mich. March 17, 2003).

Petitioner filed his second post-conviction motion with the state courts on March 31, 2005, after the one-year limitations period had expired. Although Petitioner claims that he did not file this motion as a motion for relief from judgment and that the Michigan appellate courts erred in construing the motion as such, as mentioned above, a

7

postappeal motion brought by a criminal defendant in Michigan is reviewable only as a motion for relief from judgment brought pursuant to M.C.R. 6.500, *et. seq. Kincade,* 522 N.W. 2d at 882; *Hudson,* 68 F. Supp. 2d at 800. This motion was therefore a post-conviction motion. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). Therefore, Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations.

The one-year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at 1008-10.

In his response, Petitioner does not offer any arguments in support of equitable tolling. Petitioner claims in his habeas petition that he was not mentally competent to plead guilty to the charge in 1982. "A habeas petitioner's mental incompetence is not a *per se* reason to toll the statute of limitations for filing a federal habeas petition. Instead, the alleged mental incompetence must somehow have affected the petitioner's ability to

8

timely file a habeas petition." *Brown v. McKee,* 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002). Therefore, a habeas petitioner must allege more than the "mere existence of physical or mental ailments" in order to qualify for the equitable tolling of the AEDPA's statute of limitations. A habeas petitioner has the burden of showing that the alleged mental health problems rendered him or her unable to file a habeas petition during the one-year limitations period. *Id.*

In the present case, the AEDPA's limitations period is not tolled by Petitioner's mental illness, where nothing in the record suggests that Petitioner was incompetent during all or a significant portion of the time that he allowed to elapse before the limitations period expired. *See Price v. Jamrog,* 79 F. App'x 110, 112 (6th Cir. 2003). Moreover, because Petitioner was able to seek both state and federal post-conviction relief while suffering from these alleged mental impairments, he has failed to show a causal connection between his mental impairments and his ability to timely file a habeas petition, so as to justify the equitable tolling of the limitations period. *See Bilbrey v. Douglas,* 124 F. App'x 971, 973 (6th Cir. 2005).

The final question remaining is whether the period of limitations should be equitably tolled for actual innocence. "[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). Any actual innocence exception to AEDPA's statute of limitations is inapplicable, in light of the fact that Petitioner pleaded guilty to the charge that he challenges in this petition. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). Consequently, because Petitioner's claim is time-barred, the court will dismiss it.

Regarding Petitioner's motion for sanctions, Petitioner claims that Respondent should be sanctioned because she committed fraud upon this court in two ways. First, Respondent claimed in her motion that Petitioner never filed an application for leave to appeal the denial of his direct appeal with the Michigan Court of Appeals to the Michigan Supreme Court. As noted above, this court determined that Petitioner had, in fact, filed an application for leave to appeal to the Michigan Supreme Court. Respondent, however, based her assertion upon an affidavit that she had obtained from Corbin R. Davis, the Chief Clerk of the Michigan Supreme Court, which averred that Petitioner never filed such an appeal with that court. Therefore, Respondent's factual assertion did not appear to be grounded in bad faith. Moreover, because Petitioner's application for leave to appeal was denied by the Michigan Supreme Court in 1987, well before the enactment of the AEDPA, Respondent's misstatement of fact would not alter this court's conclusion that Petitioner's current habeas application is untimely.

Petitioner also claims that Respondent has fraudulently represented that his 2005 motion for a new trial was a motion for relief from judgment brought pursuant to M.C.R. 6.500, *et. seq.* However, as mentioned above, Respondent did not misrepresent any facts or law. Rather, Michigan law provides that a postappeal motion like the one Petitioner filed should be characterized as a motion for relief from judgment.

Attorneys and parties are obliged to present to the court only such "allegations and other factual contentions" as "have evidentiary support." Fed. R. Civ. P. 11(b)(3). Within the Sixth Circuit, "[t]he test for the imposition of Rule 11 sanctions is whether the litigant's conduct was reasonable under the circumstances." *U.S. v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 507 (6th Cir. 1998) (citation omitted); *See also Union*

*Planters Bank v. L & J Develop. Co., Inc.*, 115 F. 3d 378 (6th Cir. 1997). Fraudulent behavior by a party to litigation is certainly unreasonable. *See Bout v. Bolden,* 22 F. Supp. 2d 653, 654 (E.D. Mich. 1998). However, for the reasons cited above, Petitioner has failed to show that Respondent's arguments were fraudulent or unreasonable. Therefore, Rule 11 sanctions are not warranted.

### B. The Certificate of Appealability

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time that the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In deciding to dismiss the habeas petition, the court has, of course, studied the case record and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *Id.* at 901 (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *rev'd in part on other grounds*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the

denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. *Id.*

Because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner had filed his habeas petition outside of the one-year limitations period, the court will deny Petitioner a certificate of appealability. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

### III. CONCLUSION

IT IS ORDERED that the petition for writ of habeas corpus [Dkt. # 1] is DISMISSED WITH PREJUDICE, pursuant to 28 U.S.C. § 2244(d)(1).

IT IS FURTHER ORDERED that the court DECLINES TO ISSUE a certificate of appealability.

                                               s/Robert H. Cleland
                                               ROBERT H. CLELAND
                                               UNITED STATES DISTRICT JUDGE

Dated: November 21, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2007, by electronic and/or ordinary mail.

                                               s/Lisa G. Wagner
                                               Case Manager and Deputy Clerk

(313) 234-5522